IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,299






EX PARTE CLIFFORD MICHAEL GLOVER, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NO. 08409-B IN THE 90TH JUDICIAL DISTRICT COURT OF
YOUNG COUNTY





 Per curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq.. Applicant was convicted
of the felony offense of possession of anhydrous ammonia in an unapproved container, and
punishment was assessed at ten years' confinement. No direct appeal was taken.

 Applicant contends, inter alia, that he was denied the opportunity to have his
sentenced reduced in exchange for providing information about an unsolved murder case. 
After conviction, Applicant entered into an agreement with the District Attorney. In
exchange for providing information to Palo Pinto County authorities about the unsolved
murder, Applicant would be given the opportunity to file an unopposed motion for a new
trial. Applicant would then plead guilty to a recommended sentence of five years. Applicant
provided the information to Palo Pinto County authorities, and the District Attorney was
prepared to fulfill the agreement. However, although defense counsel filed the motion for
a new trial, no hearing was held on the motion until after the expiration of the 75-day period,
and the trial court lost jurisdiction over the case. 

 Counsel has provided an affidavit in which he states that he was not informed that
Applicant's part of the agreement had been completed to the satisfaction of the District
Attorney until after the expiration of the period for holding a hearing. He further states that
he did not want to risk having the motion for a new trial heard without such confirmation,
because he believed that the State would re-indict Applicant for a greater offense.

 The trial court entered findings of fact and conclusions of law recommending that
Applicant be granted relief, in the form of enforcement of the agreement. We agree. 
Whether by deficient performance on the part of counsel, or simply by mis-communication
between the parties to the agreement, Applicant was denied the opportunity to benefit from
the agreement. The District Attorney has filed an affidavit stating that he is satisfied that
Applicant cooperated to the satisfaction of the Palo Pinto authorities, that he believes that
Applicant should receive the reduced sentence, and that he has been and continues to be
ready to fulfill the agreement.

 Habeas corpus relief is granted. Applicant's conviction and sentence in cause number
08409-B from the 90th District Court of Young County are vacated, and he is remanded to
the custody of the Young County Sheriff to face the charges against him. 

DO NOT PUBLISH

DELIVERED: December 7, 2005